**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

PAUL RESCHKE                                                                      PLAINTIFF

v.                                           3:05CV00231-WRW

BALDWIN TRANSFER CO., INC.                                         DEFENDANT

<u>ORDER</u>

Pending is Plaintiff's Motion to Disqualify Defendant's attorney, Mr. Carl Wyatt (Doc. No. 22).  Mr. Wyatt has responded (Doc. No. 23).

On June 15, 2004, employees of Baldwin Transfer Co. in Hattiesburg, Mississippi, loaded a shipment of boxes into a Schneider National Carrier's ("Schneider") tractor-trailer.  Plaintiff, an employee of Schneider, alleges that he was injured later that same day when he opened the back of tractor-trailer at Schneider's West Memphis, Arkansas terminal and a number of unsecured boxes fell on him.  Plaintiff brought this personal injury action against Defendant on September 29, 2005, under the theory of *res ipsa loquitur*.[1]

On January 22, 2007, Defendant filed a Notice of Nonparty Fault[2] under Ark. Code Ann. § 16-55-202, alleging that Plaintiff's injury may have been caused, in whole or in part, by Schneider's negligence.  After the Notice of Nonparty Fault was entered, Defendant's attorney, Carl Wyatt, let Plaintiff's counsel know that he had represented Schneider in the past.  Plaintiff admits that Schneider is not a party to the litigation and is immune from judgment; however, he argues that a conflict of

---

[1]Doc. No. 1.

[2]Doc. No. 19.

interest exists -- namely, that through his previous representation of Schneider, Mr. Wyatt may have become privy to information that he can now use in his defense of Baldwin.

Courts have long recognized the importance of allowing a litigant the attorney of his choosing.[3]  "Plaintiffs' choice of counsel is entitled to substantial deference. The court should not quickly deprive plaintiffs of their freedom to choose the advocate who will represent their claims, nor lightly dismiss the trust and confidence plaintiffs have placed in their chosen counsel."[4]

Attorney disqualification is available to "protect and preserve the integrity of the attorney-client relationship"[5]; however, "because of the potential for abuse by opposing counsel, motions to disqualify counsel are subject to particularly strict judicial scrutiny."[6]  Plaintiff carries the burden of showing that continuing representation would be impermissible.[7]  Ultimately, however, the attorney sought to be disqualified must demonstrate that disqualification is not required under the circumstances.[8]

---

[3]*Sturdivant v. Sturdivant*, 367 Ark. 514 (2006) (quoting *Saline Memorial Hosp. v. Berry*, 321 Ark. 588 (1995)).

[4]*Saline Memorial Hosp.*, 321 Ark. at 597 (quoting *Hamilton v. Merrill Lynch*, 645 F. Supp. 60, 61 (E.D. Pa. 1986)).

[5]*Id.* (citing *Craig v. Carrigo*, 340 Ark. 624 (2000).

[6]*Harker v. Comm'r. of the Internal Revenue*, 82 F.3d 806, 808 (8th Cir. 1996).

[7]*Board of Regents of University of Nebraska v. BASF Corp.*, No. 4:04CV3356, 2006 WL 2385363 at *8 (N. Neb. August 17, 2006) (citing *Weeks v. Indep. School Dist. No. I-89 of Okla. County*, 230 F.3d 1201, 1212 (10th Cir. 2000)); *Goss Graphics Systems, Inc. v. Man Roland Druckmaschinen Aktiengesellschaft*, No.C00-0035, 2000 WL 34031492 at *4 (N.D. Iowa, May 25, 2000) (quoting *Shade v. Great Lakes Dock & Dredge Co.*, 72 F. Supp. 2d 518, 520 (E.D. Pa. 1999)).

[8]*Id.* (citing *A.J. by L.B. v. Kierst*, 56 F.3d 849, 859 (8th Cir. 1995)).

Rule 1.7 of the Arkansas Model Rules of Professional Conduct defines conflicts of interest. Generally under the rule, an attorney should not represent a client if the representation will be directly adverse to another client.[9]  The rule puts the onus on Mr. Wyatt to determine whether a conflict of interest exists.  Since Mr. Wyatt does not believe that a conflict exists, Plaintiff carries the burden of proving otherwise.

In Plaintiff's supporting brief, he has not shown that Mr. Wyatt's continued representation of Defendant would be impermissible.  Rather, he implies that Schneider's employees may have "an implied allegiance" to Mr. Wyatt, which creates "the appearance of impropriety."[10]  The Arkansas Supreme Court has held that "confidential disclosures, whether actual or presumed, necessitate the disqualification of the attorney when he represents an adverse interest in a related matter."[11]  However, Plaintiff has not shown that Mr. Wyatt's representation of Schneider in the past is in any way related to the current matter.

Plaintiff has not met his burden of showing that Mr. Wyatt received confidential information as a result of his previous representation of Schneider that would be prejudicial.  Choice of counsel is a freedom that should not be lightly denied.  Accordingly, Plaintiff's Motion to Disqualify Mr. Wyatt as Defendant's counsel is DENIED.

Defendant's Motion to Continue the Trial Date (Doc. No. 28) is DENIED.  The trial will begin, as scheduled, at 9:00 a.m. on August 14, 2007.

---

[9]*Craig v. Carrigo*, 340 Ark. 624, 637 (2000).

[10]Doc. No. 22.

[11]*Gipson v. Brown*, 288 Ark. 422, 430 (quoting *State of Ark. v. Dean Foods Products Co., Inc.*, 605 F.2d 380 (8th Cir. 1979)).

IT IS SO ORDERED this 19th day of July, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE